# Exhibit A

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court, _____Doddridge_____ County, West Virginia

---

I.    CASE STYLE:

Plaintiff(s)                                        Case # 14-C- _5_

 GERALD C. TURNER AND                               Judge ____Timothy Sweeney____

 JUANITA L. TURNER                                  DODDRIDGE COUNTY
                                                    CIRCUIT COURT

                                                    FEB 1 1 2014

                                                    DWIGHT E. MOORE
                                                    CIRCUIT CLERK

Defendant(s)                    Days to
                                Answer              Type of Service

 NOBLE ENERGY, INC.               30                 WV SECRETARY OF STATE
 C/O CT CORPORATION SYSTEM
 5400 D    BIG TYLER ROAD
             Street
 CHARLESTON, WV   25313
           City, State, Zip

Original and _____2_____ copies of complaint furnished herewith.

| PLAINTIFF: Gerald C. Turner, et ux., DEFENDANT: Noble Energy, Inc. | CASE NUMBER: 14-C-_____ |
| --- | --- |

## II.   TYPE OF CASE:

| TORTS | OTHER CIVIL | OTHER CIVIL |
| --- | --- | --- |
| [  ] Asbestos | [   ] Adoption | [   ] Appeal from Magistrate Court |
| [  ] Professional Malpractice | [   ] Contract | [   ]Petition for Modification of Magistrate Sentence |
| [  ] Personal Injury | [ X ] Real Property (Injunction) | [   ] Miscellaneous Civil |
| [  ] Product Liability | [   ] Mental Health | [   ] Other |
| [  ] Other Tort | [   ] Appeal of Administrative Agency | |

## III.   JURY DEMAND:   [  ] Yes    [X]  No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):    05 / 2014

## IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   [] YES    [X] NO   IF YES, PLEASE SPECIFY:

[   ] Wheelchair accessible hearing room and other facilities
[   ] Interpreter or other auxiliary aid for the hearing impaired
[   ] Reader or other auxiliary aid for the visually impaired
[   ] Spokesperson or other auxiliary aid for the speech impaired
[]Other:_____

| Attorney Name:   Scott A. Windom and Paul V. Morrison, II | Representing: |
| --- | --- |

Firm:                Windom Law Offices

Address: 101 E. Main St., Harrisville, WV 26362

Telephone:      (304) 643-4440

[X] Plaintiffs      [ ] Defendant
[ ] Cross-Complainant     [ ] Cross-Defendant
Dated:     February 7, 2014

_Signature_

I hereby certify that the annexed instrument is a true and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

Clerk

[ ] Pro Se

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

**GERALD C. TURNER and**
**JUANITA L. TURNER,**

     **Plaintiffs,**

**v.**                              **CIVIL ACTION NO. 14-C-** _5_

                                                   DODDRIDGE COUNTY
                                                   CIRCUIT COURT

**NOBLE ENERGY, INC.,**

     **Defendant.**                              FEB 1 1 2014

                                                 DWIGHT E. MOORE
                                             CIRCUIT CLERK

### COMPLAINT FOR INJUNCTIVE RELIEF

     Come now the Plaintiffs in the above-styled matter and for their Complaint in this cause, hereby state as follows:

     1.     That the Plaintiffs, **GERALD C. TURNER** and **JUANITA L. TURNER,** are the owners of the surface only of that certain lot, tract or parcel of real estate situate on the waters of Middle Island Creek in West Union District, Doddridge County, West Virginia, identified and assessed on the 2013 Land Books as Tax Map 19, parcel 8.   See deed attached hereto as **Exhibit 1**.

     2.     That the oil and gas within and underlying the plaintiff's lot, tract or parcel of real estate is held by production of an existing oil and gas lease dated September 4, 1969, between Luther M. Perine, lessor, and Ole Colony Development Company, of record in the Office of the Clerk of the County Commission of Doddridge County, West Virginia, in Lease Book 94 at page 223, and said to contain 146-1/2 acres, *more or less*.   The same is attached hereto as **Exhibit 2**.

     3.     That the Defendant, **NOBLE ENERGY, INC.,** is the lessee or assignee of the aforesaid oil and gas lease as well as various other oil and gas leases that are adjacent to or in proximity to the Plaintiffs' lot, tract or parcel of real estate, described above.

4.      That the Defendant has applied for a horizontal well permit with the West Virginia Department of Environmental Protection, Office of Oil and Gas, in Charleston, West Virginia, for a well identified as Well #OXF4AHS.

5.      That the well permit has not yet been granted and therefore does not have an API number to identify the same.

6.      That said well, OXF4AHS, is to be drilled on the surface of the Plaintiffs' subject lot, tract or parcel of real estate.

7.      That said oil and gas well is to be permitted as a "horizontal well" that will be drilled to the Marcellus Shale formation at a depth of 6633 feet and thereafter extend horizontally approximately 9439 feet from the well bore.   See Defendant's "*Well Work Permit Application*"—form WW-6B— attached hereto as **Exhibit 3**.

8.      That the horizontal leg length will necessarily involve the exploration of the oil and gas within and underlying surface tracts and leases other than that lease encompassing the Plaintiffs' subject real estate.

9.      That upon information and belief, there are at least five (5) separate and distinct oil and gas leases which will be produced from the horizontal leg proposed for the Plaintiffs' subject real estate.   See form WW-6A1 attached hereto as **Exhibit 4**.

10.     That the Plaintiffs have not consented to the use of the subject real estate for Noble well OXF4AHS.

11.     That the Plaintiffs have not signed a "surface use agreement" for the same.

12.     That the oil and gas owners and leasehold owners of the adjacent, extended and far reaching portions of this 9,439 feet horizontal leg do not have the legal right or legal standing to use the Plaintiffs' subject property for exploration of their oil and gas or leaseholds.

13.     That the Plaintiffs have not contracted with those individuals along the length of the 9,439 feet horizontal leg to allow the Plaintiffs' surface to be used for the same.

14.     That the usual, express rights and implied surface rights of the mineral owner or lessee of the oil and gas within and underlying the Plaintiffs' subject property are limited only to such surface use as is reasonably necessary for exploration, development and production within and underlying the Plaintiffs' subject property or the leased acreage encompassing the same.    Those same surface rights do not extend to the adjoining, extended and far reaching oil and gas owners and leasehold estates.

15.     That when the oil and gas lease for the oil and gas within and underlying the Plaintiffs' subject real estate was entered into between the lessor and lessee on September 4, 1969, horizontal drilling was not a known or common industry method and thus horizontal drilling was not contemplated by the parties to that lease, nor were any such terms incorporated therein, either expressly or implied.

16.     That when the Plaintiffs purchased the subject surface tract in 1993, the parties could not have contemplated horizontal drilling on the subject property.

17.     At the time of Plaintiffs' deed in 1994, such horizontal drilling methods were not a known and accepted method of extracting oil and gas in Doddridge County, West Virginia.

18.     That such horizontal drilling methods are unconscionable terms to incorporate into existing oil and gas leases.

19.     That the Defendant's use of the Plaintiffs' property is not reasonably necessary for the adjoining oil and gas owners to extract and enjoy their oil and gas interests.

20.     That the planned horizontal oil and gas well would create a substantial burden on the Plaintiffs' and their real estate.

21.     That the Plaintiffs have no adequate remedy at law to prevent the Defendant's unauthorized use of their real estate and, as a result, they will suffer permanent and irreparable injury should the Defendant be permitted to use the surface of their real estate for the contemplated impermissible mineral extraction, the redress of which by other remedies would be uncertain and inadequate.

**WHEREFORE,** the Plaintiffs pray that an **injunction, both preliminary and permanent,** be issued and the Defendant, its successors and assigns be retrained and enjoined from any and all surface use of Plaintiffs' real estate which is outside of the known and accepted methods of extracting oil and gas for Doddridge County, West Virginia, at the time the Plaintiffs acquired the same; that the Defendants, its successors and assigns be restrained and enjoined from using the Plaintiffs' surface tract to access oil, gas and minerals from other leaseholds; that the Plaintiffs be awarded judgment against the Defendant for their compensatory damages, together with their costs herein expended and their reasonable attorney fees hereby incurred;   and, for any and all such other and further relief, both general and special, which as to this Court may seem just and proper.

                                        **GERALD C. TURNER and**
                                        **JUANITA L. TURNER,**
                                              Plaintiffs,
                                        By Counsel.

WINDOM LAW OFFICES
ATTORNEYS AT LAW
202 E. MAIN STREET
HARRISVILLE, WV 26362

4

**SCOTT A. WINDOM**
W.Va. State Bar #7812
**PAUL V. MORRISON, II**
W.Va. State Bar #7753
101 East Main Street
Harrisville, West Virginia   26362
**COUNSEL FOR THE PLAINTIFFS**

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

Clerk

# IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

**GERALD C. TURNER and**
**JUANITA L. TURNER,**

   **Plaintiffs,**

**v.**          **CIVIL ACTION NO.**  **14-C-** 5

**NOBLE ENERGY, INC.,**

   **Defendant.**

## VERIFICATION

   **GERALD C. TURNER,** Plaintiff in the above-styled action, being first duly sworn, deposes and says that the information contained in the **COMPLAINT** herein is true to the best of his knowledge and belief, except so far as it is therein stated to be upon information and belief, and that so far as it is therein stated to be upon information and belief, he believes it to be true.

_____   _____
**GERALD C. TURNER**        **DATE**

**STATE OF WEST VIRGINIA,**

**COUNTY OF** Doddridge            ; **TO-WIT:**


    The foregoing Verification was acknowledged before me this ___10ᵗʰ___ day of
February, 2014, by Gerald C. Turner.


                                     Michele O. Britton
                                  NOTARY PUBLIC


My Commission Expires:


    February 5, 2023

```
OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Michele D Britton
PO Box 204
Smithburg, WV 26436
My Commission Expires Feb. 5, 2023
```

                      *{ Affix Notary Seal }*

BOOK 224 PAGE 187

THIS DEED, Made this 11th day of March, 1994 by and between, EUGENE R. FOXWORTHY and MARTHA K. FOXWORTHY, husband and wife, parties of the first part, grantors and GERALD C. TURNER and JUANITA L. TURNER, husband and wife, parties of the second part, grantees.

WITNESSETH: That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties of the first part do hereby grant and convey with Covenants of General Warranty, unto Gerald C. Turner and Juanita L. Turners as joint tenants with the right of survivorship as hereinafter set forth, all the following described tract or parcel of land, together with all the improvements thereon and appurtenances thereto, as situate Arnolds Creek, West Union Magisterial District, Doddridge County, West Virginia and bounded and described as follows, to-wit:

BEGINNING at a stone with two Hickory pointers on top of ridge, a corner to land of F. J. and D. C. Ruley, thence with 8 lines of the same, S 42 1/2 W 7 1/4 to W. O. two R. O. ptrs., S. 12 W 15 to stake, S 2 E 40 1/4 to stone, S 28 W 9 to R. O., S 50 W 7 to stone, S 22 1/2 W 15 to W. O. and pointers, S 10 1/2 W 31 1/2 to B. O., S 46 1/2 W 6 to stone and pointers, a corner to Lot No. 6 thence with 13 lines of same, S 37 1/2 E 29 to C. O., S 33 E 25 1/2 to stone in North bank of a Run, S 86 E 33 3/4 to W. O. & pointer, N 86 1/2 E 51 9/10 to rock, N 65 E two poles to stonepile, N 26 E 10 to stonepile, S 81 1/2 E 17 1/2 crossing Arnolds Creek to the middle of the County Road, thence with said road, S 8 W 6 poles, N 86 1/2 E 32 to Hickory, S 67 1/2 E 14 1/2 to two C. O.'s, East 14 to Pin Oak and Hickory pointers, N 88 E 20 to stone, S 87 1/2 E 3 to Dogwood corner to Lot No. 4, thence with 14 lines of same N 10 W 31 to C. O., N 2 E 12 to stone and Ironwood pointer, N 11 1/2 E 14 to Beech, Sugar & Beech Pointers, N 40 W 22 to County Road, N 33 W 28 crossing Arnolds Creek to stonepile and cherry bush, S 70 W 8 to stone planted, S 80 W 18 1/2 to stone, S 71 W 12 to stonepile, S 81 W 11 to W. O., N 68 W 18 to Maple, N 41 1/2 W 21 to Hickory, N 45 W 18 to C. O. sapling, N 27 W 27 1/2 to Beech, N 2 W 26 to Cucumber Bush in Rosetta Elliott's line, and thence with same, West 56 poles to the beginning, containing 146 1/2 acres, more or less, together with the right to use the farm road existing on the tract 4.707 acres reserved by Harvey Stickel, Jr. and Melva Stickel.

The above described 146 1/2 acre tract of land is subject to an exception and reservation from its boundaries of a tract or parcel of land containing 4.707 acres together with all coal, oil, gas and other minerals underlying said 4.707 acres and the right to lease and remove the same, said reservation of 4.707 acres more particularly set forth in a deed dated September 23, 1976 of record in the Doddridge County Clerk's Office in Deed Book 173 at Page 624 and reference is made thereto for a more particular description of the 4.707 acres excepted and reserved by Harvey Stickel, Jr. and Melva Stickel, husband and wife.

The above described 146 1/2 acre tract of land is subject to an out conveyance of 0.493 acres pursuant to a deed dated October 9, 1976 and of record in

**EXHIBIT**

**1**

the  Doddridge County Clerk's Office in  Deed Book 173 at Page 974 showing Eugene R.
Foxworthy  and Martha K. Foxworthy, husband and wife conveying said 0.493 acre tract
to  Harvey Stickel, Jr. and  Melva Stickel and reference  is made to said deed for a
more particular description of said 0.493 acre tract conveyed therein.

And the above described 146 1/2 acre tract of land less the reserved 4.707
acre tract of land being the same as conveyed unto Eugene R. Foxworthy and Martha K.
Foxworthy,  husband and wife by Harvey Stickel, Jr. and Melva Stickel, by deed dated
the  23rd day of  September 1976, and  of record in  the Office of  the Clerk of the
County Commission of Doddridge County in Deed Book 173 at Page 624.

It  is the intention of this  conveyance to vest title to said property in
Gerold  C. Turner  and Juanita L. Turner, parties of  the second  part jointly and
equally  and to the survivor  of either of them  so that upon the death of either of
them the entire interest in said property will immediately vest in the survivor.

This  conveyance is  made  subject  to  all  exceptions,  reservations,
easements,  restrictions, covenants, conditions, leases,  and right of ways, if any,
as the same appear of record in the aforesaid Clerk's Office.

For  valuable consideration, the grantors do hereby assign and convey unto
Gerold C. Turner and Juanita L. Turner the following personal property, to-wit:

1.  one satellite and satellite system

2.  one garden tractor

For  the consideration aforesaid, the  grantors do hereby grant and convey
unto  the grantees all of their right, title and interest in and to free gas for one
domestic  dwelling as  situate on  the above  described premises  and subject to all
terms and conditions in the oil and gas lease relating to the real property.

The  parties of  the first part do  hereby except  and reserve  from this
conveyance,  for themselves, their  heirs and assigns  all of their right, title and
interest  in and to the coal,  oil, gas and other minerals within and underlying the
above described tract of land together with the right to lease said land for oil and
gas purposes and to receive royalty, rentals and bonuses for any such lease executed
by them on said tract or parcel of land.

For  the consideration aforesaid, the  grantors and grantees agree that in
the  event grantors should decide to  sell the minerals and mineral rights, then the
grantees  shall have  the first  refusal and  option, to  purchase said minerals and
mineral  rights and for  the same consideration  as said minerals and mineral rights

2.

shall be offered for sale to a bona fide purchaser.        224   189

      This deed is made subject to a timber contract currently in existence and relating to the aforesaid described real property which timber contract shall terminate at the end of April, 1994.

      The Grantors declare the total consideration for the real property transferred herein is the sum of $110,000.00.

      WITNESS the following signatures.

                      _____
                      EUGENE R. FOXWORTHY

                      _____
                      HARTHA K. FOXWORTHY

STATE OF WEST VIRGINIA,

COUNTY OF DODDRIDGE, To-Wit:

      I _Mark N. Haddix_____, a Notary Public in and for said County and State do hereby certify that EUGENE R. FOXWORTHY and MARTHA K. FOXWORTHY whose names are signed to the foregoing writing bearing date the 11th day of March, 1994, have this day acknowledged the same before me in my said County and State.

      Given under my hand this _25th_ day of _March_____, 1994.

      My commission expires: _Oct. 4, 1999_____



                      _____
                      Notary Public

PREPARED BY:

Lucien R. Sammons, Jr.
Attorney at Law
P. O. Box 95
West Union, WV 26456

OFFICIAL SEAL
Notary Public, State of West Virginia
MARK N. HADDIX
RR. 3, Box 135
ELKINS, WV 26241
My Commission Expires October 4, 1999



STATE OF WEST VIRGINIA.

DODDRIDGE COUNTY COMMISSION CLERK'S OFFICE, _March 25_ 19_94 9:30_ M.

    The foregoing _Deed_____together with the certificate thereto annexed, was this day admitted to record in my said office.

                JANICE ELLIFRITT COX, Clerk

                By: _Beth A. Rogers_____, Deputy.

Orig. returned to: Gerald C. & Juanita L. Turner, 7310 Woodbine Road, Woodbine, MD 21797
03/25/94

BOOK 94 PAGE 223

AGREEMENT, made and entered into the _____4th_____ day of _____September_____ 19_69_ by and

between _____Luther M. Perine, widower,_____ _____

_____

_____

_____ of _____ P. O.

County of _____Doddridge_____ and state of _____West Virginia_____ part__y _____ of the first part,

hereinafter called Lessors, whether one or more, and _____Ole Colony Development Company_____ _____

party of the second part, hereinafter called Lessee.

WITNESSETH, that the said Lessors for and in consideration of the sum of _____
Dollars to them in hand well and truly paid by said Lessee, the receipt of which is hereby acknowledged, and of the covenants and
agreements hereinafter contained on the part of the said Lessee, to be paid, kept and performed, have granted, demised, leased and let and
by these presents do grant, demise, lease and let with covenants of quiet possession, and that they have the sole right to so grant and
demise, unto the said Lessee, its successors and assigns, for the purpose of mining and operating for oil and gas, and of building tanks,
stations, power plants, water stations and structures thereon to take care of the said products, and of laying pipe lines on, over and across
the leased premises and other lands of Lessors, for the purpose of conveying oil, gas, steam or water therein from and to wells and pipe
lines on the premises and on adjoining and adjacent farms, and rights of way for road ways over this and other land of Lessors.

All that certain tract of land situate in _____West Union_____ District _____Doddridge_____

County and State of _____West Virginia_____ on the waters of _____Arnolds Creek_____

bounded as follows: (Lot #5 of the partition of the Chapman J. Stuart Estate)

On the North by lands of _____Virginia Elliott - John Cook_____

On the East by lands of _____John Cook and R. A. Humphrey_____

On the South by lands of _____W. M. Smith_____

On the West by lands of _____L. R. Charter heirs._____

Containing _____one hundred forty-six and 1/2_____ ( 146½ ) acres, more or less, being land Devised
from _____Theresa H. Maulsby to Luther Perine_____ and being purchased recorded in Deed Book ___6___ page _117_
reserving, however, therefrom all lands within two hundred feet of the resident buildings now on the premises on which no well shall be
drilled by either party except by mutual consent.
It is agreed that this lease shall remain in force for the term of _two_ years from this date and as long thereafter as oil or gas, or
either of them, is produced from the said lands by the said Lessee, its successors and assigns.
In Consideration of the Premises the said party of the second part, covenants and agrees: 1st—to deliver to the credit of the Lessors,

their heirs or assigns, free of cost, in the pipe line to which Lessee may connect its wells,_____

_____the equal one-eighth (⅛) part of all oil produced

and saved from the leased premises; and second, to pay,_____

_____

one-eighth (⅛) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is
marketed and used off the premises, said gas to be measured at a meter set on the farm.
The Lessee shall not be required in any event to increase the rate of said gas well payments or said royalty of oil by reason of any
royalty or interest in said oil or gas that may have been heretofore sold, reserved or conveyed by Lessors or their predecessor in title or
otherwise. And any such outstanding royalty or interest shall first be deducted from the royalties and rentals above provided to be paid or
delivered.
It is agreed by the parties hereto that the Lessee, its successors or assigns, shall have the right to use off the farm for such purposes as
it may desire, "Casing Head Gas," (being gas produced from wells on the premises), but if said "casing head gas" or any part thereof should

be manufactured into gasoline or other by-products by said company, said Lessors shall receive_____
one-eighth of the net value at the factory of the gasoline and other by-products so manufactured.
The Lessors may lay a line to any gas well drilled on said land and take gas therefrom free for their own use for heat and light in
one dwelling house on said land, out of any surplus gas over and above what Lessee, its successors and assigns, may require to operate
the farm and subject to the use, operation, pumping and right of abandonment of the well by Lessee, its successors and assigns; lessors are
to provide and use economical appliances and to use said gas at their own risk, subject to the reasonable rules and regulations of said
Lessee, its successors and assigns, published at such time relating to such use of gas.
Lessee covenants and agrees to locate all wells so as to interfere as little as possible with the cultivated portion of the farm. And it
is agreed that the leased premises may be fully and freely used by the Lessors for farming purposes, excepting such parts as are used by
the Lessee in operating hereunder, and, further, that the said Lessee may drill or not drill on said land, as it may elect, and that the con-
sideration and rentals paid and to be paid constitute adequate compensation for such privilege.

The said Lessee covenant and agrees to pay rental at the rate of_____

_____($_____) Dollars, quarterly in advance, beginning in_____

_____months from this date, until, but not after, a well yielding royalty to the Lessors in
drilled on the leased premises, and any rental paid for time beyond the date of completion of a gas well shall be credited upon, the first
royalty due upon the same and all rentals shall cease after the surrender of this lease as hereinafter provided for. All payments for delay,
for gas produced and marketed, for gasoline and other by-products may be made direct to the lessors or be deposited to their credit, or to

the credit of their heirs or assigns in the_____

Bank of_____or by check mailed to_____Luther M. Perine_____

at_____Route 1, West Union_____ P. O. _____Doddr____ County

State of_____West Virginia_____ _____ such payment ____ _____ also made in the same manner to

_____who is hereby appointed agent for ___ lesso__ ___ receive the same.

_____

It is agreed that the Lessee is to have the privilege of using free, sufficient water and ___ ___ ___ ____ ___ to run all machinery
necessary for drilling and operating thereon at any time to remove all machinery and fixtures placed on ___ premises; and further,
upon the payment of one ($1.00) Dollar at any time, by the party of the second part, or by ___ ___ ___ ___ ___ it or they shall have the
right to surrender this lease for cancellation, after which all payments and liabilities thereaf___ to acc___ und___ and by virtue of its terms
shall cease and determine, and this lease becomes absolutely null and void.
Lessors agree that the execution of a deed of surrender in the proper county, and the ___ ___ ___ ___ ___ of a check, payable as
above provided, for said last mentioned sum and all amounts then due hereunder, shall ___ ___ ___ ___ ___ ___mination of this lease.
All provisions of this lease shall be binding upon the heirs, executors, administrators, s___ ___ ___ ___ ___ the parties hereto.
In Witness Whereof, the parties of this agreement have hereunto set their hands and sea___ ___ ___ ___ ___ first, above written.
Witness:

x _Luthe__ _____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

EXHIBIT
2

BOOK 94 PAGE 224

State of West Virginia County of Doddridge to-wit:

I, Hugh Spencer

a Notary Public of said County of Doddridge do certify that

Luther M. Perine, widower,

whose name is signed to the writing above bearing date the 4th day of

September A. D. 19 69 have this day acknowledged the same before me

in my said county.

Given under my hand this 18 day of November A. D. 19 70

Notary Public Doddridge County,

My Commission expires

STATE OF WEST VIRGINIA,

DODDRIDGE COUNTY COURT CLERK'S OFFICE, Nov. 20, 1970, 9:11 A. M.

The foregoing Deed together with the certificate thereto annexed,

was this day admitted to record in my said office.

DESSIE P. DAUGHERTY, Clerk

By Janice M. Elliott Deputy.

WW-6B
(9/13)

STATE OF WEST VIRGINIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION, OFFICE OF OIL AND GAS
WELL WORK PERMIT APPLICATION

1) Well Operator: Noble Energy, Inc.

| 494501907 | 017-Doddridge | West Union | West Union |
|---|---|---|---|
| Operator ID | County | District | Quadrangle |

2) Operator's Well Number: OXF4AHS     Well Pad Name: OXF4

3) Farm Name/Surface Owner: Gerald and Juanita Turner   Public Road Access: County Route 11/3

4) Elevation, current ground: 1080'   Elevation, proposed post-construction: 1067.40

5) Well Type   (a) Gas   ■   Oil _____   Underground Storage _____

   Other

   (b)If Gas   Shallow   ■   Deep _____

   Horizontal   ■

6) Existing Pad: Yes or No   No   •

7) Proposed Target Formation(s), Depth(s), Anticipated Thickness and Associated Pressure(s):
   Marcellus 6633-6688' / 55' Thick / 4414 psi

8) Proposed Total Vertical Depth: 6678'

9) Formation at Total Vertical Depth: Marcellus

10) Proposed Total Measured Depth: 17003'

11) Proposed Horizontal Leg Length: 9439'

12) Approximate Fresh Water Strata Depths: 238', 545'

13) Method to Determine Fresh Water Depths: nearest offset wells

14) Approximate Saltwater Depths: None

15) Approximate Coal Seam Depths: None

16) Approximate Depth to Possible Void (coal mine, karst, other): None

17) Does Proposed well location contain coal seams
directly overlying or adjacent to an active mine?   Yes [ ]   No [✓]

   (a) If Yes, provide Mine Info:   Name:   NA

   Depth:

   Seam:

   Owner:

**EXHIBIT
3**

Page 1 of 3

WW-6B
(9/13)

18)                      <u>CASING AND TUBING PROGRAM</u>

| TYPE | <u>Size</u> | <u>New or Used</u> | <u>Grade</u> | <u>Weight per ft.</u> (lb/ft) | <u>FOOTAGE: For</u> Drilling | <u>INTERVALS:</u> Left in Well | <u>CEMENT:</u> <u>Fill-up (Cu. Ft.)</u> |
|---|---|---|---|---|---|---|---|
| Conductor | 20" | New | LS | 94 | 40' | 40' | CTS |
| Fresh Water | 13 3/8" | New | J-55 | 54.5 | 595' | 595' | CTS 30% excess Yield =1.18 |
| Coal | | New | | | | | |
| Intermediate | 9 5/8" | New | J-55 | 36.0 | 2737' | 2737' | CTS  20% excess Yield = 1.19 |
| Production | 5 1/2" | New | HCP-110 | 20.0 | 17003' | 17003' | 10% excess Yield = 1.27 TOC=200' above 9.625" shoe |
| Tubing | | | | | | | |
| Liners | | | | | | | |

| TYPE | <u>Size</u> | <u>Wellbore Diameter</u> | <u>Wall Thickness</u> | <u>Burst Pressure</u> | <u>Cement Type</u> | <u>Cement Yield</u> (cu. ft./k) |
|---|---|---|---|---|---|---|
| Conductor | 20" | 24" | 0.438 | 2730 | | |
| Fresh Water | 13 3/8" | 17.5" | .380 | 2730 | Type 1 | 30% excess Yield = 1.18 |
| Coal | | | | | | |
| Intermediate | 9 5/8" | 12.25" | .352 | 3520 | Class A | 20% excess Yield = 1.19 to surface |
| Production | 5 1/2" | 8.75" | .361 | 12,640 | Class A | 10% excess Yield = 1.27 TOC=200' above 9.625" shoe |
| Tubing | | | | | | |
| Liners | | | | | | |

<u>PACKERS</u>

| Kind: | | | | |
|---|---|---|---|---|
| Sizes: | | | | |
| Depths Set: | | | | |

WW-6B
(9/13)

19) Describe proposed well work, including the drilling and plugging back of any pilot hole:

Drill the vertical depth to the Marcellus at an estimated total vertical depth of approximately 6678 feet.  Drill Horizontal leg - stimulate and produce the Marcellus Formation.   Should we encounter a unanticipated void we will install a minimum of 20' of casing below the void but not more than 50' set a basket and grout to surface.

20) Describe fracturing/stimulating methods in detail,  including anticipated max pressure and max rate:

The stimulation will be multiple stages divided over the lateral length of the well. Stage spacing is dependent upon engineering design.  Slickwater fracturing technique will be utilized on each stage using sand, water, and chemicals. Please refer to attached list.

$DCN$

21) Total Area to be disturbed, including roads, stockpile area, pits, etc., (acres):  13.25

22) Area to be disturbed for well pad only, less access road (acres):  4.64

23) Describe centralizer placement for each casing string:

Conductor - No centralizers used. Fresh Water/Surface - Bow spring centralizers on first two joints then every third joint to 100' from surface. Intermediate - Bow Springs centralizers every third joint to 100' from Surface. Production - Rigid bow springs every third joint from KOP to TOC, rigid bow springs every joint to KOP.

24) Describe all cement additives associated with each cement type:

See attached sheets - Conductor -  1.15% CaCl. Fresh Water - Class A Portland cement with flake and 1.15% CaCl2, 30% excess yield =1.18. Intermediate- 15.6 ppg Class A +0.4% Ret, 0.15% Disp, 0.2% AntiFoam, 0.125#sk Lost Circ 20% excess Yield 1.19 to surface.  Production: 14.8 ppg Class A 25:75:0 System +2.6% Cement extender, 0.7% fluid loss additive, 0.45% high temp retarder, 0.2% friction reducer 10% excess Yield=1.27 TOC>=200' above 9.625" shoe.

25) Proposed borehole conditioning procedures:

Conductor - The hole is drilled w/ air and casing is run in air. Apart from insuring the hole is clean via air circulation at TD, there are no other conditioning procedures. Fresh Water -The hole is drilled w/air and casing is run in air.  Once casing is on bottom, the hole is filled w/ KCl water and a minimum of one hole volume is circulated prior to pumping cement. Coal - The hole is drilled w/air and casing is run in air. Once casing is at setting depth, the hole is filled w/ KCl water and a minimum of one hole volume is circulated prior to pumping cement. Intermediate - Once surface casing is set and cemented Intermediate hole is drilled either on air or SOBM and filled w/ KCl water once filled w/ KCl water once drilled to TD. The well is conditioned with KCl circulation prior to running casing. Once casing is at setting depth, the well is circulated  a minimum of one hole volume prior to pumping cement. Production - The hole is drilled with synthetic oil base mud and once at TD the hole is circulated at maximum allowable drilling pump rate for at least 6X bottoms up. Once on bottom with casing, circulate a minimum of one hole volume prior to pumping cement.

*Note:  Attach additional sheets as needed.

## AWS Cement Additives- Noble Energy

| | Product Name | Product Use | Chemical Name | CAS Number |
|---|---|---|---|---|
| Surface & Intermediate | Calcium Chloride Flake | Cement Accelerator | Calcium Chloride | 10043-52-4 |
| | | | Potassium Chloride | 7447-40-7 |
| | | | Water | 7732-18-5 |
| | | | Sodium Chloride | 7647-14-5 |
| | C-41L | De-foamer | Methyl Alcohol | 67-56-1 |
| | | | Tributyl Phosphate | 126-73-8 |
| | Pol-E-Flake | LCM | Polyester | Non-Hazardous |

| | Product Name | Product Use | Chemical Name | CAS Number |
|---|---|---|---|---|
| Spacer | Bentonite Gel | Viscosifier | Crystalline Silica, Quartz | 14808-60-7 |
| | Baro-Seal | LCM | Mixture | Non-Hazardous |
| | Pol-E-Flake | LCM | Polyester | Non-Hazardous |

| | Product Name | Product's Purpose | Chemical Ingredients | CAS Number |
|---|---|---|---|---|
| | DCP-AC2 | Accelerator | Calcium Oxide | 1305-78-8 |
| | DCP-FR2 | Friction Reducer | No hazardous components. | N/A |
| | DCP-RT1 | Retarder | No hazardous components. | N/A |
| | SPACER | | | |
| | Dynaflush 2W | Viscosity | No hazardous components. | N/A |
| | DCP-GL1 | Suspension Agent | Welan Gum | 96949-22-3 |
| Kick Off Plug | DAP-401 | Mutual Solvent | Ethoxylated alcohols | Trade Secret |
| | | | Alkoxylated terpene | Trade Secret |
| | | | Polyethylene glycol | 25322-68-3 |

| | Product Name | Product's Purpose | Chemical Ingredients | CAS Number |
|---|---|---|---|---|
| Production Cement | DCP-EX1 | Extender | Sodium metasilicate, anhydrous | 6834-92-0 |
| | DCP-EX2 | Extender | Silicon dioxide<br>Iron Oxide<br>Silicon Carbide<br>Aluminum Oxide<br>Calcium Oxide<br>Magnesium Oxide<br>Silicon dioxide | 69012-64-2<br>1309-37-1<br>409-21-2<br>1344-28-1<br>1305-78-8<br>1309-48-4<br>14808-60-7 |
| | DCP-FL1 | Fluid Loss Agent | No hazardous components. | N/A |
| | DCP-FR2 | Friction Reducer | No hazardous components. | N/A |
| | DCP-RT3 | Retarder | No hazardous components. | N/A |
| SPACER | | | | |
| | Dynaflush 2W | Viscosity | No hazardous components. | N/A |
| | DCP-GL1 | Suspension Agent | Welan Gum | 96949-22-3 |
| | DAP-401 | Mutual Solvent | Ethoxylated alcohols<br>Alkoxylated terpene<br>Polyethylene glycol | Trade Secret<br>Trade Secret<br>25322-68-3 |
| | Barite | Weighting Agent | Inorganic barium salt | 7727-43-7 |

WW-6A1
(3/13)

Operator's Well No. __OXF4 AHS__

## INFORMATION SUPPLIED UNDER WEST VIRGINIA CODE
### Chapter 22, Article 6A, Section 5(a)(5)
### IN LIEU OF FILING LEASE(S) AND OTHER CONTINUING CONTRACT(S)

Under the oath required to make the verification on page 1 of this Notice and Application, I depose and say that I am the person who signed the Notice and Application for the Applicant, and that –

(1) the tract of land is the same tract described in this Application, partly or wholly depicted in the accompanying plat, and described in the Construction and Reclamation Plan;

(2) the parties and recordation data (if recorded) for lease(s) or other continuing contract(s) by which the Applicant claims the right to extract, produce or market the oil or gas are as follows:

| Lease Name or Number | Grantor, Lessor, etc. | Grantee, Lessee, etc. | Royalty | Book/Page |
|---|---|---|---|---|
| 1 | Luther M. Perine | Ole Colony Development Company | Not less than 1/8 | 94/223 |
| 2 | Moses W. Smith & Anna M. Smith | C.O. Bowers, James H. Hall and Olin B. Wetzel | Not less than 1/8 | 64/375 |
| 3 | Charter D. Stinespring & Mary Jane Stinespring | J & J Enterprises, Inc. | Not less than 1/8 | 130/630 |
| 4 | Ritchie Britton & Pauline Britton | Key Oil Company | Not less than 1/8 | 104/343 |
| 5 | D.C. Stuart | The Carter Oil Company | Not less than 1/8 | 16/301 |

### Acknowledgement of Possible Permitting/Approval
### In Addition to the Office of Oil and Gas

The permit applicant for the proposed well work addressed in this application hereby acknowledges the possibility of the need for permits and/or approvals from local, state, or federal entities in addition to the DEP, Office of Oil and Gas, including but not limited to the following:

- WV Division of Water and Waste Management
- WV Division of Natural Resources WV Division of Highways
- U.S. Army Corps of Engineers
- U.S. Fish and Wildlife Service
- County Floodplain Coordinator

The applicant further acknowledges that any Office of Oil and Gas permit in no way overrides, replaces, or nullifies the need for other permits/approvals that may be necessary and further affirms that all needed permits/approvals should be acquired from the appropriate authority before the affected activity is initiated.

Well Operator: Noble Energy, Inc.

By: _Dee_

Its: _Regulatory Analyst_

**EXHIBIT
4**

Page 1 of 2

WW-6A1 (1/12) Attachment                                              Operator's well #: _OXF4 AHS_____

| Lease Name or Number | Grantor/Lessor | Grantee/Lessee | Royalty | Book/Page |
|---|---|---|---|---|
| 1 | Robert L. Holland, Special Commissioner, pursuant to order of the Circuit Court of Doddridge County in Civil Action No. 356 Hugh K. Spencer v. Ole Colony Development Company, et al. | Penn Resources, Inc. | Not less than 1/8 | 111/553 |
| 1 | Penn Resources, Inc. | Justin L. Henderson | Not less than 1/8 | 105/496 |
| 1 | Justin L. Henderson | Antero Resources Appalachian Corporation | Not less than 1/8 | 289/490 |
| 1 | Antero Resources Appalachian Corporation | Antero Resources Corporation | Not less than 1/8 | Name change |
| 1 | Antero Resources Corporation | CNX Gas Company LLC & Noble Energy, Inc. | Not less than 1/8 | 311/427 |
| 2 | C.O. Bowers, James H. Hall and Olin B. Wetzel | Penn Resources, Inc. | Not less than 1/8 | 94/713 |
| 2 | Penn Resources, Inc. | Justin L. Henderson | Not less than 1/8 | 105/496 |
| 2 | Justin L. Henderson | Antero Resources Appalachian Corporation | Not less than 1/8 | 289/490 |
| 2 | Antero Resources Appalachian Corporation | Antero Resources Corporation | Not less than 1/8 | Name change |
| 2 | Antero Resources Corporation | CNX Gas Company LLC & Noble Energy, Inc. | Not less than 1/8 | 311/427 |
| 3 | J & J Enterprises, Inc. | Lost Creek Joint Venture No. 3 | Not less than 1/8 | 156/557 |
| 3 | Lost Creek Joint Venture No. 3 | Eastern American Energy Corporation | Not less than 1/8 | 166/494, 167/140, 167/150 |
| 3 | Eastern American Energy Corporation | Energy Corporation of America | Not less than 1/8 | 283/431 |
| 3 | Energy Corporation of America | Antero Resources Appalachian Corporation | Not less than 1/8 | 272/307 |
| 3 | Antero Resources Appalachian Corporation | Antero Resources Corporation | Not less than 1/8 | Name change |
| 3 | Antero Resources Corporation | CNX Gas Company LLC & Noble Energy, Inc. | Not less than 1/8 | 311/427 |
| 4 | Garner & Gawthrop, Inc. | Key Oil Company | Not less than 1/8 | 108/403 |
| 4 | Key Oil Company | J & J Enterprises, Inc. | Not less than 1/8 | 111/326 |
| 4 | J & J Enterprises, Inc. | Eastern American Energy Corporation | Not less than 1/8 | 159/139, 211/137 |
| 4 | Eastern American Energy Corporation | Energy Corporation of America | Not less than 1/8 | 283/431 |
| 4 | Energy Corporation of America | CNX Gas Company LLC | Not less than 1/8 | 274/585 |
| 4 | CNX Gas Company, LLC | Noble Energy, Inc. | Not less than 1/8 | 260/39 |
| 5 | The Carter Oil Company | Hope Natural Gas Company | Not less than 1/8 | 42/410 |
| 5 | Hope Natural Gas Company | Consolidated Gas Supply Corporation | Not less than 1/8 | 143/345 |
| 5 | Consolidated Gas Supply Corporation | Consolidated Gas Transmission Corporation | Not less than 1/8 | 135/583 |
| 5 | Consolidated Gas Transmission Corporation | CNG Transmission Corporation | Not less than 1/8 | 51/798 |
| 5 | CNG Transmission Corporation | Dominion Transmission, Inc. | Not less than 1/8 | 58/362 |
| 5 | Dominion Transmission, Inc. | Consol Energy Holdings LLC XVI | Not less than 1/8 | 245/1 |
| 5 | Consol Energy Holdings LLC XVI | CNX Gas Company, LLC | Not less than 1/8 | 292/469, 293/252 |
| 5 | CNX Gas Company, LLC | Noble Energy, Inc. | Not less than 1/8 | 260/39 |

# SUMMONS

## CIRCUIT COURT OF Doddridge COUNTY, WEST VIRGINIA

**GERALD C. TURNER**
> **PLAINTIFF,**

VS.

> CIVIL ACTION NO. **14-C-5**
> JUDGE: **TIMOTHY L. SWEENEY**

**NOBLE ENERGY, INC.**
> **DEFENDANT.**

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **SCOTT WINDOM**, plaintiff's attorney, whose address is **202 EAST MAIN STREET, , HARRISVILLE, WV, 26362** an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dwight E. Moore
CLERK OF COURT

Dated: February 11, 2014

BY: *Pamela Spraugle*
DEPUTY CLERK

*Please Serve:*
*NOBLE ENERGY, INC.*
*C/O CT CORP.SYSTEM, 5400 D BIG TYLER RD*
*CHARLESTON, WV 25313*

**DODDRIDGE** COUNTY
CIRCUIT COURT

**FEB 19 2014**

DWIGHT E. MOORE
CIRCUIT CLERK

d:\corel\boiler\civsum.wpd

3